Phelps vs. Boughton.

## No. 685.

### JOHN PHELPS & CO. VS. HORACE BOUGHTON.

The jurisdiction of the appellate court does not attach until the appeal bond is filed. But it necessarily follows that, when the appeal bond is filed, the appellate jurisdiction does attach. When the appellate jurisdiction attaches that of the district court ceases.

Now, plaintiffs applied for an appeal and perfected their appeal. Between the time of their motion for an appeal and the perfection thereof, they proceeded as though they proposed to acquiesce in the judgment. But when they filed their bond, they perfected their appeal, and that appeal must date from the day on which it was granted. Therefore plaintiffs must be considered as having taken their proceedings after their appeal was granted. But at that time the district court had ceased to have jurisdiction. It follows that all of their subsequent proceedings are nullities.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney, J. Land & Taylor,* for plaintiffs and appellees. *Duncan & Moncure,* for defendant and appellant.

MORGAN, J. Boughton obtained judgment against Ross Wilkinson. Phelps & Co. sued Boughton, who was an absentee, and garnisheed Wilkinson and the clerk of the court, who waived service of the interrogatories, and voluntarily answered them. Boughton, through counsel, took a rule to dissolve the attachment, and to release his judgment against Wilkinson therefrom. The motion was maintained, without prejudice to the right of plaintiffs to issue new process. This judgment was rendered on the second of January, 1875. On the same day an appeal was asked for and allowed. On the same day also, new citations together with copies of petition and interrogatories issued and were served on the clerk of the court on the day they were issued, and on Wilkinson on the eleventh of the same month.

On the thirteenth of January the plaintiffs filed their bond for a suspensive appeal. This court affirmed the judgment of the district court as regards the dissolution of the attachment.

Proceedings were carried on subsequently under the citation, and interrogatories issued on the second of January.

The defendant contends that at the time the second process of garnishment issued, the district court had been divested of its jurisdiction by the appeal, and, consequently, that the second seizure was an absolute nullity.

Plaintiffs contend that there was no appeal, because there was no bond. They are right in their position that the jurisdiction of the appellate court does not attach until the appeal bond is filed. But it necessarily follows that, when the appeal bond is filed, our jurisdiction does attach. When our jurisdiction attaches, that of the district court ceases.

Now, they applied for an appeal and perfected their appeal. Between

the time of their motion for an appeal and their perfection thereof they proceeded as though they proposed to acquiesce in the judgment. But when they filed their bond they perfected their appeal. From what period, then, did their appeal date? From the day, we think, upon which it was granted. They must then be considered as having taken their proceedings after their appeal had been granted. But at that time the district court was without jurisdiction. It follows that all of their subsequent proceedings are nullities.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that the attachment herein be set aside, plaintiffs to pay the costs in both courts.